UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALFONSO PINEDA-HERNANDEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-01765-JMS-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Defendant/Petitioner Alfonso Pineda-Hernandez's motion for relief pursuant to 28 U.S.C. § 2255. Dkt. 1. For the reasons explained in this Order, Petitioner's motion is untimely and it is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

1

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

After trial, Petitioner was convicted of conspiracy to distribute methamphetamine and conspiracy to launder monetary instruments and sentenced to a total of 300 months. *United States v. Pineda-Hernandez*, No. 1:15-cr-00200-JMS-TAB-1 (S.D. Ind.), Crim. Dkt. 601. This Court entered judgment on May 25, 2018. *Id.* Petitioner pursued a direct appeal, and on January 22, 2020, the Seventh Circuit affirmed his convictions and sentence. *United States v. Garcia & Pineda-Hernandez*, 948 F.3d 789, 807 (7th Cir. 2020). Petitioner filed a certiorari petition with the United States Supreme Court, which denied the petition on October 5, 2020. *United States v. Pineda-Hernandez*, No. 18-2261 (7th Cir.), App. Dkt. 57.

On April 25, 2022, Petitioner filed a motion for an extension of time to file a § 2255 motion. Crim. Dkt. 707. The Court denied that motion on April 27, 2022. *Id.* at 708. Petitioner moved to reconsider that ruling on June 24, 2022, *id.* at 709, and the Court denied it on July 25, 2022, *id.* at 710. Petitioner's § 2255 motion was filed on September 6, 2022, although Petitioner evidently signed it on August 28, 2022. Dkt. 1, p. 14. Therein, Petitioner states that he was unable to timely file his motion because "[t]he Federal Prison was on lockdown or modified RED Status etc., due to Covid-19 and it was not permitted to gather research law nor prepare the 2255 petition correctly etc. 28 U.S.C. § 2255(4) due diligence Actual Innocence." *Id.* at p. 13. In its response, the United States argues that Petitioner's motion is time-barred and he is not entitled to equitable tolling. Petitioner did not file a reply addressing the United States' argument.

### III. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of four triggering events:

>   1. the date on which the judgment of conviction becomes final;
>
>   2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

There is no question here that the one-year deadline for Petitioner to file his § 2255 motion began to run on October 5, 2020, when the United States Supreme Court denied his certiorari petition and his judgment of conviction became final. Petitioner ultimately filed his § 2255 motion nearly two years later, or nearly one year after the deadline for doing so. *See* § 2255(f)(1). It also is clear that Petitioner does not fall under any of the above statutory alternatives for filing a § 2255 motion more than one year after his conviction became final. Rather, he baldly asserts that Covid-19 issues prevented the timely filing of his motion.

The AEDPA statute of limitations "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the statute of limitations for § 2254 motions are subject to equitable tolling); *Lombardo v. United States*, 860 F.3d 547, 551–52 (7th Cir. 2017) (applying the

3

equitable tolling doctrine to a motion under § 2255). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016) (quoting *Holland*, 560 U.S. at 649). "The extraordinary-circumstance prong is met 'only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control.'" *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). Importantly, the movant must show "reasonable effort throughout the limitations period." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). This burden cannot be satisfied with "mere conclusory allegations of diligence" but must instead offer "specific evidence." *Mayberry*, 904 F.3d at 531.

Given the record before the Court, Petitioner has not met his burden to show that he made a reasonable effort throughout the limitations period to pursue his rights and that some extraordinary circumstance stood in his way. "Courts have denied equitable tolling based on the COVID-19 pandemic and resulting limitations on law library access where the litigant fails to demonstrate how those limitations prevented him from timely filing his motion." *United States v. Yarber*, No. 2:17-CR-20007-SLD-EIL, 2024 WL 945290, at *3 (C.D. Ill. Mar. 5, 2024) (citing *United States v. Williams*, No. 21 C 4025 (No. 17 CR 446), 2022 WL 2208855, at *3 (N.D. Ill. June 21, 2022) (citing cases)). *See also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021); *United States v. Henry*, No. 2:17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)

("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion.").

The Court notes that Petitioner first requested permission to file a belated § 2255 motion in April 2022, which already was around 8 months after the one-year filing deadline had passed. And Petitioner did not reply or attempt to submit any evidence in response to the United States' argument that this action was filed much too late. Petitioner's generic, undeveloped argument blaming the delayed filing on Covid-19 simply is not enough to allow him to avoid the one-year statute of limitations. His § 2255 motion is dismissed with prejudice on that basis. Petitioner's circumstances, even if they existed exactly as he alleges, do not warrant the exceptional relief of equitable tolling, and thus a hearing is not required. *Ademiju*, 999 F.3d at 478; *Spiller v. United States*, 855 F.3d 751, 754 (7th Cir. 2017).

### IV. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See also United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d. Cir. June 3, 2021) ("For substantially the reasons given by the District Court, jurists of reason

would not find it debatable that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed, and that equitable tolling was unwarranted.") (cleaned up). The Court therefore **denies** a certificate of appealability.

## V. Conclusion

Petitioner is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. His motion for relief under § 2255 is **DENIED**, and this action is **dismissed with prejudice**. The **clerk is directed to enter** final judgment; to docket a copy of this order in the criminal case, 1:15-cr-00200-JMS-TAB-1; and to **terminate** the pending § 2255 motion, Crim. dkt. [711], in the criminal case. A certificate of appealability is **denied.** Furthermore, Petitioner's motion requesting the status of this case, dkt. [7], is **granted** to the extent that this Order resolves the case.

**IT IS SO ORDERED.**

Date: 4/24/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ALFONSO PINEDA-HERNANDEZ
13351-028
MEMPHIS - FCI
MEMPHIS FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O, BOX 34550
MEMPHIS, TN 38184

6